UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENETTA GLOVER, ET AL

VERSUS

DG LOUISIANA, LLC, ET AL

CIVIL ACTION

NUMBER 14-690-SDD-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 13, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RENETTA GLOVER, ET AL

VERSUS

DG LOUISIANA, LLC, ET AL

CIVIL ACTION

NUMBER 14-690-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Renetta and Rolon Glover. Record document number 5. The motion is opposed.[1]

Based on the applicable law and the analysis which follows, the plaintiffs' Motion to Remand should be granted.

**Background**

On November 4, 2013, the plaintiffs filed a Petition for Damages in state court against defendants DG Louisiana, LLC, Dolgencorp, LLC (collectively "Dollar General") and K & L Real Estate, LLC ("K & L") for damages arising from a slip and fall accident at a Dollar General store located in Baton Rouge, Louisiana. Dollar General removed the state court action on March 17, 2014 based on diversity jurisdiction under 28 U.S.C. § 1332(a) and argued that Louisiana defendant K & L was improperly joined.[2]

---

[1] Record document number 6. Plaintiffs filed a reply memorandum. Record document number 9.

[2] The case was CV 14-151-SDD-SCR.

Plaintiffs moved to remand the case. The Court found that the K & L was not improperly joined because a provision in the lease agreement between Dollar General and K & L created a reasonable possibility of liability under Louisiana law for K & L.[3] Plaintiff's motion to remand was granted.

On October 27, 2014 the state court granted a Motion for Summary Judgment filed by K & L and dismissed the plaintiffs' claims against it. Defendant Dollar General then filed a second Notice of Removal on November 3, 2014 pursuant to 28 U.S.C. 1446(b)(3). Defendants asserted that diversity jurisdiction now exists because of the state court order which dismissed the plaintiffs' claims against K & L. In the alternative, the defendants argued that removal is proper because testimony from the corporate representatives of K & L and Dollar General at depositions taken on October 15 and 24, 2014 established that Dollar General was responsible for maintaining the interior of the store. Thus, defendant Dollar General argued, K & L could not be liable to the plaintiffs under LSA-R.S. 9:3221 and therefore was improperly joined.

Plaintiffs moved to remand arguing that since K & L was not dismissed though the voluntary actions of the plaintiffs, the voluntary-involuntary rule bars removal. Plaintiffs also argued that the court's prior finding that K & L was not improperly joined

---

[3] CV 14-151-SDD-SCR, record document number 15.

should stand and that weighing the evidence produced by the defendants should not determine the jurisdictional issue.

In their opposition the defendants reasserted their arguments made in the Notice of Removal. Defendants also argued that the Motion to Remand was untimely because it was not properly filed within 30 days of the Notice of Removal as required by § 1447(c). Defendants argued that the 30-day time limitation was applicable because a motion to remand based on the voluntary-involuntary rule relies on a procedural defect with the removal.

## Applicable Law

It is well settled that when faced with a motion to remand, the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995). A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "If jurisdiction is based on diversity of citizenship, however, the action is removable only if there is complete diversity and 'none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531–32 (5th Cir. 2006) (quoting 28 U.S.C. § 1441(b)). Generally, in removed cases "diversity of citizenship must exist both at the time of filing in state court

and at the time of removal to federal court." *Coury v. Prot*, 249 (5th Cir. 1996).

Under the judicially-created "voluntary-involuntary" rule a defendant may remove an action that was originally not removable if a voluntary act by the plaintiff changes the status of jurisdiction. *Crockett*, 436 F.3d at 532. The rule "prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts" and "avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts." *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 546 (5th Cir. 1967).

Courts have also recognized an exception to the voluntary-involuntary rule "where a claim against a non-diverse or in-state defendant is dismissed on account of fraudulent or improper joinder." *Crockett*, 436 F.3d at 532. "The fraudulent joinder exception to the voluntary-involuntary rule is designed to prevent plaintiffs from blocking removal by joining non-diverse and/or in-state defendants who should not be parties. That salutary purpose is also served by recognizing an exception to the voluntary-involuntary rule where defendants are improperly, though not fraudulently, joined." *Id*. at 533.

4

The party seeking removal based on improper joinder of an in-state party bears a heavy burden of proving that the joinder was improper. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The statutory basis for the doctrine of improper joinder is found in 28 U.S.C. §§ 1359 and 1441. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). Since the purpose of the inquiry is to determine whether the in-state defendant was properly joined, the focus must be on the joinder, not the merits of the plaintiff's case. *Id.*

There are two recognized ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Id.*, *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003). In the latter situation the test for improper joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant. Stated another way, it means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Smallwood*, 385 F.3d at 573; *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The court may decide the question of whether the plaintiff has a reasonable basis of recovery under state law either by employing a Rule 12(b)(6), Fed.R.Civ.P.,

5

analysis, or by piercing the pleadings and conducting a summary judgment-type inquiry. *Id*. In resolving questions of improper joinder, all disputed questions of fact and ambiguities in the controlling state law are resolved in favor of the non-removing party. *Carriere v. Sears, Roebuck and Co.* 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 60 (1990).

If an action not initially removable later becomes removable, under § 1446(b)(3) a defendant may file a notice of removal within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000). A plaintiff contesting any defect in the removal, other than lack of subject matter jurisdiction, has 30 days to file a motion to remand. § 1447(c).

## Analysis

As an initial matter, the Court finds that the motion to remand is not untimely under § 1447(c) because the plaintiffs asserted lack of diversity jurisdiction under § 1332.[4] Defendants' argument that the plaintiffs' reliance on the voluntary-involuntary rule is somehow a procedural defect issue is unpersuasive. The

---

[4] Defendants' Notice of Removal was filed on November 3, 2015 and the plaintiffs' Motion to Remand was filed on December 12, 2015.

cases cited by the defendants to support their argument are not controlling and the dicta from the cited cases is misconstrued.[5] Unlike procedural issues, such as lack of the defendants' unanimous consent or the timeliness of filing of the notice of removal, the voluntary-involuntary rule addresses which parties are properly considered in determining diversity of citizenship.  This type of remand argument is similar to a plaintiff opposing an improper joiner claim, which clearly relates to diversity jurisdiction. Moreover, the Motion to Remand raises additional diversity jurisdiction issues because the defendants attempted to invoke the fraudulent joinder exception to the voluntary-involuntary rule. Because the plaintiffs' motion to remand is based on lack of subject matter jurisdiction, the 30-day time limit under § 1447(c) is not applicable.[6]

With respect to the application of the voluntary-involuntary rule, the record shows that the state court's dismissal of K & L did not result from a voluntary act of the plaintiff, but rather through an opposed motion for summary judgment filed by K & L. Defendants did not dispute that the plaintiffs' are appealing the ruling, and thus have not established that K & L's dismissal is

---

[5] *Taylor v. Hayes*, 1990 WL 192486, 3 (E.D.La. 1990) and *Vogel v. Merck & Co., Inc.*, 476 F.Supp.2d 996, 1006-7 (S.D.Il. 2007).

[6] Because the § 1447(c) time limit is not applicable, the plaintiffs' arguments based on filing the Motion to Remand in the wrong case, namely the earlier CV 14-151-SDD-SCR, do not need to be addressed.

7

final for the purposes of removal. Therefore, the state court's dismissal of K & L does not create diversity jurisdiction for the purpose of removal.[7]

Defendants also argued that the fraudulent joinder exception to the voluntary-involuntary rule is applicable in this case. Defendants provided testimony from the K & L landlord to establish that K & L: (1) did not install the defect, (2) was unaware of the presence of the alleged defect, and (3) did not have a key to the Dollar General store at issue.[8] Defendants argued that deposition testimony from representatives of Dollar General demonstrate that Dollar General was responsible for maintaining the alleged defect located on the interior of the store.[9] Defendants argued that this evidence constitutes an "other paper" from which they first ascertained K & L was improperly joined. Defendants relied on LSA-R.S. 9:3221 which provides as follows:

> Notwithstanding the provisions of Louisiana Civil Code Article 2699, the owner of premises leased under a contract whereby the lessee assumes responsibility for their condition is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect

---

[7] See e.g. *Hickman v. Exxon Mobil Corp.*, 2013 WL 2435005 (E.D.La. June 4, 2014) and *Mumfrey v. Anco Insulations, Inc.*, 2011 WL 4745626 (E.D.La. Oct. 7, 2011).

[8] Record document number 6-1, Exhibit D, Deposition of Khanh Bui, p. 32-33.

[9] Record document number 6-1, Exhibit E, Deposition of Dolgencorp representative Trent Napier, p. 34-5, 39.

or had received notice thereof and failed to remedy it within a reasonable time.

Defendant's arguments are unpersuasive. Defendants previously contested the feasability of the plaintiffs' liability claims against K & L for the alleged defect in the Dollar General store. This Court found the K & L was not improperly joined for two reasons: (1) state law possibly imposed a duty on the owner of the premises where the defect was located; and, (2) a provision in the lease agreement, construed in favor of the plaintiffs, could impose an affirmative obligation on defendant K & L to inspect the premises, discover the vice or defect which caused the damage, and to repair it when the lessee-defendants failed to do so.[10]

Assuming the deposition testimony qualifies as an "other paper" for purposes of removal, the defendants have not shown that the facts concerning K & L's actual or constructive knowledge of the alleged defect and its contractual responsibility for correcting defects in the property undisputed.[11] On a motion to remand, factual disputes must be resolved in favor of the party opposing the removal. This court previously addressed the issue of

---

[10] The lease provision states specifically: "[l]essor has the right and responsibility to enter the demised premises periodically, at any reasonable time, to inspect the condition of the premises and to make repairs."

[11] Defendants reliance on *Armond v. Shoney's, Inc.*, 1991 WL 162120 (E.D.La. Aug. 9, 1991), is unpersuasive because the defendant in that case had not previously removed the action prior to the non-diverse defendant's dismissal, and the issue of improper joinder had never been addressed by the district court.

improper joinder and held that K & L may be liable under state law. Defendants failed to show on the first removal that K & L was improperly joined, and after again construing the disputed facts in favor of the plaintiffs', the defendants failed to do so on this second removal. Because K & L was not improperly joined, the exception to the voluntary-involuntary rule does not apply and the case must be remanded again.

## Conclusion

Defendants have the burden of establishing subject matter jurisdiction. Defendants have failed to show that the fraudulent joinder exception to the voluntary-involuntary rule is applicable. Thus, the defendants failed to establish that the court has diversity jurisdiction under 28 U.S.C. § 1332.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiffs Renetta and Rolon Glover be granted.

Baton Rouge, Louisiana, February 13, 2015.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

10